McGREGOR W. SCOTT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL FRANCISCO GALLEGOS-FELIX, JESUS ORNALESSANCHEZ, JOSE ALFREDO MONTANO LOPEZ, and JESUS MIGUEL DURAN ESPINOZA,<br><br>DEFENDANTS | CASE NO. 1:20-CR-00222-DAD-BAM<br><br>JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>CURRENT DATE: January 13, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

## STATUS REPORT

Defendants MANUEL FRANCISCO GALLEGOS-FELIX, JESUS ORNALESSANCHEZ, JOSE ALFREDO MONTANO LOPEZ, and JESUS MIGUEL DURAN ESPINOZA ("defendants") and the government seek to continue this matter. After appearing on the criminal complaint, Defendants GALLEGOS-FELIX, MONTANO LOPEZ, and DURAN ESPINOZA were detained on the basis of flight risk and danger. Doc. 17, 20; 28, 29; and 30, 31. Defendant ORNALESSANCHEZ was released to a third party custodian after posting a cash bond. Doc. 42-44. Defendant ORNALESSANCHEZ was arraigned on the indictment on November 20, 2020. Doc. 26. The remaining Defendants were arraigned on the indictment on November 30, 2020. Doc. 36, 38, 40.

The government asserts that initial discovery has been provided to all counsel. The government is aware of its ongoing discovery obligations and anticipates voluminous discovery in this case.

**STIPULATION**

This case is set for status conference on January 13, 2021.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and the Defendants, by and through their counsel of record, respectively Mr. Schweitzer, Mr. Coleman, Mr. Hodgkins, and Mr. Aed, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 13, 2021.

2. By this stipulation, defendants now move to continue the status conference until March 24, 2021, and to exclude time between January 13, 2021, and March 24, 2021, under Local Code T4.

3. While the parties anticipate that the case may resolve without a trial, this is not yet a certainty. If defendants ultimately do not enter guilty pleas and decide to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

    a) The government asserts the discovery associated with this case includes reports, photographs, and numerous recordings; discovery has been provided to all counsel.

    b) Counsel for the defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review and/or copy discovery for this matter, to discuss potential resolutions with their clients, to prepare pretrial motions, and to otherwise prepare for trial.

    c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1       d)      The government does not object to the continuance.

2       e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

        f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 13, 2021 to March 24, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 6, 2021                    MCGREGOR W. SCOTT
                                          United States Attorney

                                          /s/ JESSICA A. MASSEY
                                          JESSICA A. MASSEY
                                          Assistant United States Attorney

Dated: January 6, 2021                    /s/ ERIC SCHWEITZER
                                          ERIC SCHWEITZER
                                          Counsel for Defendant
                                          MANUEL FRANCISCO
                                          GALLEGOS-FELIX

Dated: January 6, 2021                    /s/ MARK COLEMAN
                                          MARK COLEMAN
                                          Counsel for Defendant
                                          JESUS ORNALESSANCHEZ

Dated: January 6, 2021                    /s/ E. MARSHALL HODGKINS, III

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

|   |   |
|---|---|
| | E. MARSHALL HODGKINS, III<br>Counsel for Defendant<br>JOSE ALFREDO MONTANO LOPEZ |
| Dated: January 6, 2021 | /s/ MICHAEL AED<br>MICHAEL AED<br>Counsel for Defendant<br>JESUS MIGUEL DURAN ESPINOZA |

### **FINDINGS AND ORDER**

IT IS SO ORDERED that the hearing status conference in the above-entitled case shall be continued from January 13, 2021, to **March 24, 2021, at 1:00 p.m., before the Honorable Barbara A. McAuliffe,** for further status conference. The time period through and including March 24, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **January 6, 2021**                       /s/ Barbara A. McAuliffe
                                                                   UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT                                                 5