PHILLIP A. TALBERT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:20-CR-00222-DAD-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| MANUEL FRANCISCO GALLEGOS-FELIX, JESUS ORNALESSANCHEZ, JOSE ALFREDO MONTANO LOPEZ, and JESUS MIGUEL DURAN ESPINOZA, | CURRENT DATE: April 13, 2022 TIME: 1:00 p.m. COURT: Hon. Barbara A. McAuliffe |
| DEFENDANTS | |

Defendants MANUEL FRANCISCO GALLEGOS-FELIX, JESUS ORNALESSANCHEZ, JOSE ALFREDO MONTANO LOPEZ, and JESUS MIGUEL DURAN ESPINOZA ("defendants") and the government seek to continue this matter.  This case is set for status conference on April 13, 2022. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff

and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and other General Orders were entered to address public health concerns related to COVID-19 (for example, General Order 614—recently extended by General Order 640).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and the Defendants, by and through their counsel of record, respectively Mr. Schweitzer, Mr. Coleman, Ms. Baloian, and Mr. Aed, hereby stipulate as follows:

1.      By previous order, this matter was set for status on April 13, 2022.

2.      By this stipulation, defendants now move to continue the status conference until August 10, 2022, and to exclude time between April 13, 2022, and August 10, 2022, under Local Code T4.

3.      While the parties anticipate that the case may resolve without a trial, this is not yet a certainty.  If defendants ultimately do not enter guilty pleas and decide to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

a)      The government asserts the discovery associated with this case includes reports, photographs, and numerous recordings; discovery has been provided to all counsel. The government has made plea offers to each defendant via counsel.

b)      New counsel for defendant Jose Alfredo Montano Lopez, Attorney Melissa Baloian, recently filed a notice of appearance on March 24, 2022.

c)      Counsel for all defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review and/or copy discovery for this matter, to discuss potential resolutions with their clients, to prepare pretrial motions, and to otherwise prepare for trial.

d)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

account the exercise of due diligence.

       e)      The government does not object to the continuance.

       f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

       g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 13, 2022 to August 10, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.

Dated: April 6, 2022                PHILLIP A. TALBERT
                                   United States Attorney


                                   /s/ JESSICA A. MASSEY
                                   JESSICA A. MASSEY
                                   Assistant United States Attorney

Dated:  April 6, 2022               /s/ ERIC SCHWEITZER
                                     ERIC SCHWEITZER
                                   Counsel for Defendant
                                   MANUEL FRANCISCO
                                   GALLEGOS-FELIX

Dated:  April 6, 2022               /s/ MARK COLEMAN
                                     MARK COLEMAN
                                     Counsel for Defendant
                                   JESUS ORNALESSANCHEZ

1

Dated:  April 6, 2022

/s/ MELISSA BALOIAN

2

MELISSA BALOIAN
Counsel for Defendant

3

JOSE ALFREDO MONTANO LOPEZ

4

Dated:  April 6, 2022

/s/ MICHAEL AED

5

MICHAEL AED
Counsel for Defendant

6

JESUS MIGUEL DURAN ESPINOZA

7

8

9

**ORDER**

10

IT IS SO ORDERED that the status conference is continued from April 13, 2022, to **August 10,**

11

**2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. The Court also finds good cause

12

based upon new counsel appearing in the case. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A),

13

B(iv).

14

15

IT IS SO ORDERED.

16

Dated:   **April 6, 2022**                                      /s/ Barbara A. McAuliffe

17

UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28